Mr. Chief Justice Moore
delivered the opinion of the Court.
In the above entitled action the trial court adjudged Wright J. Morgan, Jr., in contempt of court for failure to comply with orders of court requiring payment of $100 per month for the support of two minor children who were in the custody of his former wife Sally L. Reser. Three older children were given into the custody of the father, and it appears that on August 16, 1966 a son, sixteen years of age, was at the home of the father and attending high school. The record a1 so indicates that two older daughters, originally awarded to the custody of the father, were emancipated either by marriage or otherwise.
Following the entry of the divorce decree and the orders for child support, there was a mounting increase of arrearages, and hearings of various kinds relating thereto were held. Ultimately, and on June 10, 1966, Sally signed an instrument captioned “Request and Consent” addressed to the clerk of the trial court which recited the fact that certain orders for chbd support had been entered against Wright J. Morgan, Jr., and with relation thereto the document continued as follows:
“2. I consent to your reviewing the records of such payments, to the sending of notices of any arrearages, and to your requesting the issuance of citations for contempt, if any arrearage has not been paid after notice, * * *.”
This procedure was invoked pursuant to C.R.S. 1963, 43-1-12.
Thereafter, and on June 15, 1966, the sheriff served upon Morgan a citation commanding him to appear and show cause why he had failed to comply with the support order. No other notice was served upon him concerning the contemplated hearing on the “contempt” citation, notwithstanding that the statute authorizing the clerk of the district court to issue the citation pro *167 vides that prior thereto he is required to review the payments made into the registry of the court, and, if arrearages are shown, “the clerk may send notice of the arrears by registered or certified mail to be delivered only to such person ordered to pay.” The act then provides that:
“(2) (a) Upon proof of receipt of such notice, the clerk may, if payment of the entire arrearage has not been made into the registry of the court after ten days from the date of proof of receipt of such notice, request a district judge of the judicial district, on a form provided by such district judge, to issue a citation for contempt. * * *”
The record reflects that there was no compliance with the above mentioned prerequisite to the issuance of a citation for contempt of court under the authority conferred upon the clerk of the district court by C.R.S. 1963, 43-1-12. Thus, having elected to proceed under that statute the provisions thereof should have been followed. Morgan was not properly brought before the district court and the court erred in finding him in contempt under the procedures followed in this case.
In addition to the foregoing it is apparent from the transcript before us that there was no finding on the part of the trial court that Morgan had the ability to comply with the orders of the court; and even if any such finding had been made, based upon the record before us, it would have been without support in the evidence.
It is uncontradicted that Morgan’s income at his place of employment was under levy for income tax deficiencies due the United States Government over an extended period of time; that he had borrowed all that he could from the credit union appertaining to the employees of the City and County of Denver by which governmental agency he is employed, and the amount thus borrowed was paid on the arrearages; that his “take home pay” after deductions for the federal levy, *168 loan repayments, and sundry expenditures for several months prior to the date of the hearing was $178; and that as of the date of the hearing, after having renegotiated his loan so that he paid $550 into the registry of the court to apply on such arrearages, he had left the sum of $9. In addition to his duty toward his children in Sally’s custody, he had the continuing responsibility of supporting a boy in high school, and supplying his own minimal needs.
It may be that in the past Morgan was very derelict in his financial affairs, and he might be subject to censure for permitting the development of the situation in which he finds himself with reference to federal income tax levies, but the inexorable fact remains that there simply is not enough money to meet the legal demands. In Murley v. Murley, 124 Colo. 581, 239 P.2d 706, this court appropriately stated:
“The court failed also to make any finding as to the father’s then ability to make payment of the amount in arrears which he was ordered to pay instanter, while the evidence discloses without contradiction that he was then unable to make immediate payment of the full amount. Accordingly, the court’s order is without findings or supporting evidence necessary for an order to enforce performance of an act in the power of the respondent to perform, as well as without findings necessary for an order to vindicate the dignity of the court.”
The judgment is reversed and the cause remanded with directions to dismiss the citation for contempt.